ROTHENBERG, Judge
(concurring).
While I agree with the majority’s opinion in its entirety, I write this concurring opinion in order to note with disapproval and disappointment the impropriety of plaintiff’s counsel’s comments and the frequency in which they occurred. While counsel’s frustration was understandable, it does not excuse the opinions, personal assurances, and personal attacks which permeated his opening, closing, and rebuttal arguments. Each of us shares a common duty to The Florida Bar and our profession to conduct ourselves professionally and honorably. The judiciary, as guardians of the court and our profession, have the added responsibility to ensure that the process is not only fair, but is one which instills confidence in our system of justice and respect for the members of our profession.
Under most circumstances, plaintiffs counsel’s remarks would have required the granting of a new trial and it would have *614 been an abuse of discretion to refuse to do so. After a careful review of the entire trial- transcript, I agree with nay colleagues that the court did not abuse its discretion in this case where the trial court directed a verdict on the issues of liability, causation, permanent injury, and the seatbelt defense, and while ruling that there was no comparative negligence as a matter of law, simply submitted that issue to the jury “in the abundance of caution.” The jury’s sole determination in this case therefore, was the extent of the plaintiffs damages. Both sides’ experts agreed that the plaintiff suffered permanent injury, that she continued to suffer pain, and that she was not a malingerer. The only real disagreement was whether or not the plaintiff needed rotator cuff surgery. As the jury awarded less than the amounts requested by plaintiffs counsel for future medical treatment, pain and suffering, and future pain and suffering, I agree that counsel’s improper arguments constitute harmless error.